UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERI RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-515-CEJ |
| | ) |
| UNIVERSITY OF MISSOURI | ) |
| BOARD OF CURATORS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's first amended complaint [Doc. #41]. See 28 U.S.C. § 1915(e)(2)(B).

Pursuant to § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007). Moreover, the Court must give the complaint the benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), and weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**Background**

Plaintiff, who is proceeding pro se and in forma pauperis, filed this action on March 17, 2011. On April 22, 2011, after reviewing the initial complaint and concluding that it did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, the Court ordered plaintiff to file an amended complaint [Doc. #33]. Specifically, the Court explained that the seventy-page typed complaint was long and rambling, it did not contain a short and plain statement showing that plaintiff was entitled to relief, the allegations were not simple, concise, and direct, and the numbered paragraphs were not limited to a single set of circumstances. Plaintiff filed an amended complaint on April 25, 2011.

## The First Amended Complaint

Plaintiff's first amended complaint names twenty-two defendants and consists of sixty-three typed pages, a separate two-page table of contents, and an index of attached exhibits. Upon review of the amended complaint, the Court finds that plaintiff has once again failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The allegations are not simple, concise, or direct, and the numbered paragraphs are not limited to a single set of circumstances. For example, paragraph 7 of the amended complaint states:

> Plaintiff alleges that the Board of Curators failed to properly train, supervise, and direct its state officials in the enforcement of federal, state, and University anti-discrimination policies resulting in employed and private state actors making arbitrary and capricious decisions over many years that were preferential to whites and unconstitutional to blacks. Each named Defendant willfully engaged in a conspiracy to deprive Rodgers and a class of minorities of equal access to University programs, services, facilities, and privileges as enjoyed by white persons and participated in the furtherance of civil and constitutional

> rights violations that they knew or should have known were racially discriminatory. UM-System administrators, faculty, staff, police, and private state actors were provided with actual and constructive notice of unlawful conduct taking place on the UMSL campus and each collectively and/or individually failed to reasonably respond to actual and constructive notice they received that alleged or made evident the following constitutional and civil rights violations:
> 1. Intentional racial discrimination,
> 2. Severe and pervasive racial harassment,
> 3. Racially motivated assault by faculty advisor,
> . . .
> 22. The intentional and negligent infliction of emotional distress caused to the Plaintiff by all state actors.

The 203-paragraph first amended complaint is replete with similar examples of needlessly long and rambling assertions.

Because plaintiff is proceeding pro se, the Court will give her one further opportunity to amend her complaint. Plaintiff is reminded that Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). Notice pleading does not generally require great detail or a recitation of all potentially relevant facts in order to put the defendants on notice of plausible claims against them. See id. at 819. With this in mind, plaintiff is advised that her second amended complaint shall comply with the following guidelines:

1. The second amended complaint shall not exceed thirty (30) typed, double-spaced pages.[1]

2. In the second amended complaint, plaintiff shall include the following:

---

[1] Having reviewed both the original and first amended complaints, the Court finds that this page limitation is reasonable.

(a) a "Caption," setting forth the case number of this action and the name of each defendant she wishes to sue;

(b) a "Jurisdictional Statement," setting forth the grounds for filing this action in federal court (*i.e.*, federal statute, provision of the United States Constitution, etc.);

(c) a "Factual Background," containing short and plain statements, in numbered paragraphs, of the most relevant background facts of this action;[2] and

(d) a "Statement of Claim," which will begin with the first defendant's name followed by a statement (in separate, numbered paragraphs) of the facts supporting plaintiff's claim(s) as to that defendant, a statement of the right(s) that she claims the defendant violated, and the relief (e.g., money damages or equitable relief) that plaintiff seeks as to the defendant. Plaintiff shall follow the same format with respect to each of the remaining defendants.

3. Plaintiff shall not include a table of contents in her second amended complaint.

4. Plaintiff shall not file any exhibits that are not relevant to the claims asserted in the second amended complaint.

\* \* \* \* \*

Plaintiff is warned that the filing of a second amended complaint replaces the original and first amended complaints. Claims that are not realleged are deemed

---

[2]The Court notes that plaintiff's overly-detailed factual background makes up the majority of her first amended complaint, while the actual counts take up only eleven pages. Much of the factual information plaintiff includes in the amended complaint is unnecessary at this point and may be more appropriate at a later stage of the litigation. In the second amended complaint, plaintiff should attempt to set forth a summation of the relevant factual background in three pages or less.

abandoned.  See e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If the second amended complaint is not drafted in accordance with the Court's instructions or if it otherwise fails to comply with the Federal Rules of Civil Procedure, this action will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have until **July 11, 2011**, to file a second amended complaint that is in accordance with the instructions set forth above in this Memorandum and Order.

Dated this 7th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE