UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERI RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-515(CEJ) |
| ) | |
| UNIVERSITY OF MISSOURI BOARD OF ) | |
| CURATORS, et al., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's second amended complaint. See 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, who proceeds *pro se*, originally filed this action on March 17, 2011. After reviewing the complaint, the Court ordered plaintiff to file an amended complaint complying with Rules 8 and 10 of the Federal Rules of Civil Procedure. On July 11, 2011, plaintiff filed a second amended complaint in compliance with the Court's order. However, before issuing summons in this matter, the Court must determine whether plaintiff's second amended complaint satisfies the requirements of 28 U.S.C. § 1915(e)(2)(B).

### I. Legal Standard

Pursuant to § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. Moreover, the Court

must give the complaint the benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), and weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

II. Discussion

Plaintiff brings a claim, pursuant to 42 U.S.C. § 1983, against SEMPA, a student organization located at University of Missouri Saint Louis. To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. Roe v. Humke, 128 F.3d 1213, 1215 (8th Cir. 1997). The phrase "under color of state law" requires that the deprivation was committed by a "state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982).

In general, this "state actor" requirement prevents the law from reaching the conduct of private parties acting in their individual capacities. Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."). However, there are three primary circumstances in which a private actor can be treated as a state actor: (1) where the state has delegated to a private party a power that has traditionally and exclusively been reserved to the state; (2) where a private actor is a willful participant in joint activity with the state or its agents; and (3) where there is pervasive entwinement between the state and the private actor. Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007).

Student organizations and its members are typically considered private actors, unless it is shown that the organization meets one of these three exceptions. See

Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288, 295-304 (2001); Amidon v. Student Association of the State University of New York, 399 F. Supp. 2d, 136, 145 (N.D.N.Y. 2005). Here, plaintiff's complaint fails to show that SEMPA or any of its members are state actors. Plaintiff does not allege that the state has delegated a power to SEMPA or its members that is exclusively reserved for the state. Nor, has plaintiff alleged that SEMPA and its members were entwined with the state or participants in a joint activity with the state. Therefore, the plaintiff's claims against these individuals is frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall not issue process or cause process to be issued as to defendants **Ethan Chou, Craig Robinson, Keith Robinson, Tiffany Axton, Ryan Ordway, Stephen Engelmeyer, and John Edwards**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to be issued as to the remaining defendants named in the second amended complaint.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2011.